**Centurion Legal Group**
**P.O. Box 470**
**Framingham, MA 01704**
**617-433-9444**
**removal@centurionlegalgroup.com**

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MASSACHUSETTS
### BOSTON, MASSACHUSETTS

| | |
|---|---|
| **Adriano Maia Dos SANTOS,**<br><br>                  **Petitioner,**<br><br>          v.<br><br>**Kristi L. NOEM, Secretary of the U.S. Department of Homeland Security,**<br><br>**Todd LYONS, Acting Director of U.S. Immigrations and Customs Enforcement,**<br><br>**Joseph D. McDONALD, Sheriff of Plymouth County, Massachusetts,**<br><br>**and**<br><br>**Antone MONIZ, Superintendent, Plymouth County Correctional Facility,**<br><br>                  **Respondents** | **Civ. No. _____**<br><br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 USC §2241**<br><br><br>**ORAL ARGUMENT REQUESTED** |

## __INTRODUCTION__

1.   Petitioner, Adriano Maia dos Santos ('Petitioner') was detained by U.S. Immigration and Customs Enforcement ('ICE') on May 30, 2025.

2.   Petitioner was arrested when the vehicle he was traveling in was stopped by ICE, who had been surveilling and targeting another member of Petitioner's party.  <u>All</u> passengers of the car were detained, including Petitioner.

3.  Petitioner remains detained today, some two months later, despite his prior release on bond, agreed to upon stipulation by the Department of Homeland Security ('DHS') in the amount of $15,000, January 23, 2018.

4.  Petitioner has been in removal proceedings since 2017, diligently pursuing relief from removal from the United States.  He has complied with all requirements of release and DHS had not sought previously to revoke his bond.

5.  DHS has not alleged any changed circumstances warranting Petitioner's detention at this time.

6.  Petitioner's continued detention, absent any change of circumstances or violation of the terms of his prior release on bond, violates Petitioner's due process rights, constitutes an arbitrary and capricious abuse of statutory and regulatory authority and is unlawful; Petitioner is entitled to immediate release.

## PARTIES

7.  Petitioner, Adriano Maia dos Santos, was detained by DHS on May 30, 2025. He remains in immigration custody at the Plymouth County Correctional Facility in Plymouth, Massachusetts.[1]

8.  Respondent, Kristi L. Noem is the current Secretary of the Department of Homeland Security.  She is sued in her official capacity.

9.  Respondent, Todd Lyons is the current Acting Director of U.S. Immigration and Customs Enforcement.  He is sued in his official capacity.

10. Respondent, James D. McDonald, is the Sheriff of Plymouth County and is also Petitioner's immediate custodian. He is sued in his official capacity.

11. Respondent, Anton Moniz, is the superintendent of the Plymouth County Correctional Facility and is Petitioner's immediate custodian. He is sued in his official capacity.

## JURISDICTION

---

[1] ICE's publicly-available Detainee Locator system (https://locator.ice.gov/odls/), at time of writing, incorrectly lists Petitioner's current location as FCI Berlin, Berlin, NH.  Upon information and belief, counsel affirms that Petitioner is detained at Plymouth County Correctional Facility.

12. This Court has jurisdiction under 28 U.S.C. §2241 and Article I, Section 9, Clause 2 of the U.S. Constitution ("Suspension Clause"), as Petitioner is currently in custody under color of the authority of the United States in violation of the Constitution, laws, or treaties thereof.

**VENUE**

13. Venue lies in the Eastern District of Massachusetts because Petitioner is currently detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts and a substantial part of the events or omissions giving rise to his claims occurred in Massachusetts. 28 U.S.C. §§1391, 2241.

**FACTS**

14. Petitioner is a native and citizen of Brazil. He was initially detained by U.S. Border Patrol, October 20, 2017, in and about Calexico, California, allegedly immediately or soon after entering the United States illegally.

15. Petitioner was initially processed for expedited removal; upon indicating that he feared persecution in his home country, Petitioner was interviewed by an asylum officer who determined he had demonstrated a credible fear of persecution. Petitioner was placed in removal proceedings pursuant to 8 USC §1229a. DHS elected to detain Petitioner throughout the process.

16. While detained, Petitioner sought bond redetermination, *pro se*, before the U.S. Immigration Court of Adelanto, California. The Immigration Judge, upon stipulation of DHS, released Petitioner from custody under bond of $15,000 and other alternatives to detention at DHS' discretion. Bond was posted and Petitioner was released.

17. Petitioner relocated to Massachusetts soon after release, where he has resided since. He continues to diligently pursue his claims for relief from removal before the U.S. Immigration Court.

18. ICE detained Petitioner on May 30, 2025 at 8:45AM when they stopped the vehicle he was traveling in to work[2], along with two associates. ICE had been surveilling and targeting another member of Petitioner's party for arrest. All passengers of the car were detained.

19. Petitioner has been detained by DHS since that date and is currently being held at the Plymouth County Correctional Facility.

---

[2] Petitioner had legal authorization to work, and documentation to that effect on his person at time of detention.

20. Petitioner sought bond redetermination once more before the U.S. Immigration Court, July 7, 2025.  The Immigration Court denied Respondent's request, determining that Respondent was 'statutorily ineligible' for custody redetermination.

## **CLAIMS FOR RELIEF**

### **COUNT 1 – VIOLATION OF THE DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION**

21. The foregoing allegations are realleged and incorporated herein.

22. Petitioner's detention by DHS violates his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.

23. All persons in the United States—regardless of their citizenship status, means or legality of entry, or length of stay—are entitled to the protections of the Due Process Clause." *See, e.g., Padilla v. Immigr. & Customs Enf't,* 953 F.3d 1134, 1142 (9th Cir. 2020) *citing Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

24. The Due Process Clause permits civil immigration detention only if it is reasonably related to the legitimate purposes of effectuating removal or protecting against danger and flight risk and is accompanied by adequate procedures to ensure that detention serves those goals. *See id.* at 690-69.

25. Both substantive and procedural due process therefore require that such detention be strictly limited and is accompanied by a prompt individualized hearing before a neutral decisionmaker to ensure that detention serves the legitimate goals.  *United States v. Salerno*, 481 U.S. 739, 750-51 (1987); *see also Hernandez-Lara v. Lyons,* 10 F.4th 19, 39 (1st Cir. 2021) (due process requires that the government must bear the burden of proving dangerousness or flight risk in order to continue detention).

26. Respondents' interests in prolonging civil detention do not outweigh the liberty interests of the Plaintiff.

27. Petitioner's extended detention is not reasonably related to the purpose of effectuating his removal or protecting against danger or risk of flight – indeed, no reasonable attempt has been made to justify Petitioner's detention, other than an allusion to his continued 'unlawful status'.

28. Petitioner has not been provided a prompt nor individualized hearing before a neutral decisionmaker to appropriately contest his detention where the Respondents have born the burden of establishing a legitimate need for extended detention.

29. Therefore, Petitioner's detention violates the Due Process Clause and is unconstitutional.

## COUNT 2 – VIOLATION OF 8 U.S.C. §1225(b)(1) – FAILURE TO PROVIDE A PROMPT INDIVIDUALIZED CUSTODIAL HEARING

30. The foregoing allegations are realleged and incorporated herein.

31. 8 USC §1225(b)(1)(A) distinguishes aliens detained after entering the country from those who are charged as arriving and seeking admission at a port of entry.  8 USC §1225(b)(1)(A)(iii)(I) provides that the Attorney General "may" place aliens detained after entry in expedited removal proceedings, but unlike those who are charged as arriving, does not require that they be subject to mandatory detention.

32. Pursuant to 8 USC §1225(b)(1)(B)(iii)(IV), asylum seekers are subject to mandatory detention only while "pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed."

33. Plaintiff was placed in expedited removal proceedings under 8 USC §1225(b), established a credible fear of persecution, and was transferred for full hearing before the immigration court pursuant to 8 USC §1229a.

34. As such, Plaintiff is entitled to seek a custody hearing where DHS may grant bond or conditional parole. 8 USC 1226(a); 8 CFR §1236.1(d); 8 CFR §1003.19(h)(2).

## COUNT 3 – VIOLATION OF 8 U.S.C. §1182(d)(5) AND FIFTH AMENDMENT RIGHT TO DUE PROCESS – FAILURE TO PROVIDE AN INDIVIDUALIZED PAROLE HEARING

35. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

36. The Immigration and Nationality Act ('INA') provides that the Secretary "may… in [her] discretion parole into the United States… on a case-by-case basis for urgent humanitarian reasons or significant public benefit any alien applying for admission to the United States…" 8 USC §1182(d)(5)(A). Under the INA and implementing regulations, immigration detention of an

1  asylum seeker must be based on an individualized determination that the asylum seeker

2  constitutes a flight risk or a danger to the community.  *See id.; see also* 8 CFR §212.5(b)(5).

3  37. Pursuant to implementing regulations, parole reviews are conducted solely by ICE – the

4  jailing authority.  *See id.*

5  38. The statute, however, requires an individualized parole hearing before an immigration

6  judge to decide if the asylum seeker constitutes a flight risk or danger to the community.

7  39. Respondents' policy and practice of denying those similarly-situated to Petitioner  parole

8  hearings before an immigration judge violates the INA.

9  40. To the extent the statute denies parole hearings before an immigration judge, the statute

10  violates due process.

## **REQUEST FOR ORAL ARGUMENT**

Petitioner respectfully requests oral argument on this Petition.

## **PRAYER FOR RELIEF**

Petitioner asks that this Court grant the following relief:

1.  Order Petitioner's release from DHS custody;

2.  Order that Respondents provide the Court and Petitioner's counsel with at least two business days' notice prior to any removal of Petitioner from Massachusetts;

3.  Award attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and 5 U.S.C. § 504, if applicable; and,

4.  Order any further relief this Court deems just and proper.

Respectfully submitted this 22nd day of July, 2022.

On behalf of Petitioner,

_____
Christopher J. Lavery, Esq.
BBO#658721

## **CERTIFICATE OF SERVICE**

I, Christopher J. Lavery, Esq., hereby certify that this document(s) flied through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants by mail this 22nd day of July, 2022.

_____
Christopher J. Lavery, Esq.
BBO#658721